UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MORRIS,

       Plaintiff,                                  Case Number 2:16-cv-11349

v.                                                  Honorable Gershwin A. Drain

MARK NELSON, *et al.*,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [#6] AND SUMMARILY DISMISSING CASE**

Plaintiff Dale Morris, a state inmate incarcerated at the Gus Harrison Correctional Facility, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff has filed a motion to supplement his complaint [Dkt. 6], which the Court will grant. After careful consideration of the complaint and its supplement, however, the court will summarily dismiss the case.

**I. BACKGROUND**

On May 18, 2016, Plaintiff was convicted in the Washtenaw County Circuit Court after a bench trial for bank robbery in violation of MICH. COMP. LAWS §

1

750.531. Plaintiff was sentenced to a term of 71 to 360 months.[1] Plaintiff's complaint and supplement name various actors in his criminal prosecution as the defendants in this action. They include: Ypsilanti District Court Judge Mark Nelson, Ypsilanti Police Officers Tom Eberts, Annette Coppock, and Brook Mullender, Washtenaw County Prosecutor Kirk Tabbey, Washtenaw Circuit Court Judge Archie Brown, the City of Ypsilanti, the City of Ann Arbor, and United States Marshall Angel Espinal. The complaint alleges the defendants committed various constitutional violations during Plaintiff's arrest and subsequent prosecution and conviction that led to his imprisonment. Plaintiff seeks damages in excess of $7,000,000.

## II. STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks

---

[1] The Court obtained the information about Plaintiff's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice. See *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (2001).

### III. DISCUSSION

Plaintiff alleges various constitutional violations occurred during his state prosecution. In light of his allegations, a judgment in favor of Plaintiff in this action would necessarily require a finding that his continued confinement is the result of an invalid conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

3

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 provides the appropriate vehicle for challenging the fact or duration of a state prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). The Court cannot convert this matter into a petition for a writ of habeas corpus, however. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*  Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to

4

dismiss the complaint with prejudice as frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his or her conviction or sentence is later invalidated. *See Murphy*, 343 F. Supp.2d at 609. Therefore, because this Court is dismissing plaintiff's § 1983 complaint under Heck, the dismissal will be without prejudice. *See e.g. Finley v. Densford*, 90 F. App'x 137, 138 (6th Cir. 2004).

For the foregoing reasons, the motion to amend the complaint [#6] is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

Dated: June 20, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of
record on
June 20, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager