UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MORRIS,

        Plaintiff,

v.

                              Case No.: 16-11349
                              Honorable Gershwin A. Drain

MARK NELSON, *et al.*,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S RULE 60(b)(5) MOTION TO REINSTATE CASE [#15]

Presently before the Court is Plaintiff's Rule 60(b)(5) Motion to Re-Instate 1983 Action, filed on October 17, 2016. This Court summarily dismissed Plaintiff's Amended Complaint on June 20, 2016. Plaintiff's Amended Complaint alleged various constitutional violations during his arrest and subsequent prosecution and conviction for bank robbery. Such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment on the merits of those claims would affect the validity of his conviction and sentence.

Federal Rule of Civil Procedure 60(b) is properly invoked "where there are extraordinary circumstances, or where the judgment may work an extreme and

undue hardship, and should be liberally construed when substantial justice will be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997). Rule 60(b) states in part:

> **(b) Grounds for Relief from Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is unclear why Plaintiff moves for relief under Rule 60(b)(5) as he does not argue his conviction has been reversed or vacated. A review of the Michigan Department of Corrections' Offender Tracking Information System (OTIS) reveals that his conviction has not been reversed or vacated. *See Ward v. Wolfenbarger*, 323 F. Supp.2d 818, 821 n.3 (E.D. Mich. 2004) (noting that the court is permitted to take judicial notice of information obtained from OTIS).

Rule 60(b)(5) is therefore inapplicable.  Moreover, none of the other Rule 60(b) grounds for granting relief from this Court's Order summarily dismissing this action are present.

Plaintiff argues that he may allege a Fourth Amendment violation based on the fact that the affidavit supporting his arrest warrant lacked sufficient detail, thus there was no probable cause to arrest Plaintiff.  After a bench trial, Plaintiff was convicted of violating MICH. COMP. LAWS § 750.531.  He was sentenced to a term of 71 to 360 months.  If Plaintiff were to succeed on his false arrest claim, it would necessarily imply the invalidity of his state court conviction and sentence.  *See Hutson v. Felder*, No. CIV-A. 5:07-183-JMH, 2008 U.S. Dist. LEXIS 69642 (E.D. Ky. Sept. 10, 2008) ("Where a citizen is convicted of the offense which provoked the arrest, probable cause for the arrest is conclusively established, and *Heck* presents an absolute bar to any claim for false arrest under Section 1983.").

Thus, contrary to Plaintiff's assertion, *Heck* bars his Fourth Amendment claim and there is no justifiable ground to reinstate his § 1983 claims.  The cases relied on by Plaintiff are distinguishable from his circumstances.  For instance, in *Ingram v. City of Columbus*, 185 F.3d 579 (6th Cir. 1999), a suspected narcotics dealer fled from police officers and went into the plaintiffs' residence to hide in the

basement. The plaintiffs filed a Fourth Amendment violation based on the officers unreasonable entry into their home and unlawful seizure among other claims. The *Ingram* plaintiffs were not convicted of any offense and therefore *Heck* was not implicated. In *Darrah v. City of Oak Park*, the plaintiff was acquitted of the charges against her; therefore *Heck* did not bar her Fourth Amendment claim. 255 F.3d 301 (6th Cir. 2001); *see also Hinchman v. Moore*, 312 F.3d 198 (6th Cir. 2002) (same).

For the foregoing reasons, Plaintiff's Rule 60(b)(5) Motion to Re-Instate 1983 Action [#15] is DENIED.

SO ORDERED.

Dated: October 31, 2016　　　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 31, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

4